FILED
CHARLOTTE, NC

JUL 07 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:25-cr-176-MOC |
| | ) | **BILL OF INFORMATION** |
| v. | ) | |
| | ) | Violation: |
| KALILU GUMANEH | ) | 18 U.S.C. § 371 |

**THE UNITED STATES ATTORNEY CHARGES:**

At the specified times and at all relevant times:

### INTRODUCTION

1. Beginning in or about May 2023 and continuing through in or about May 2025, Defendant KALILU GUMANEH and others known and unknown to the United States Attorney engaged in a conspiracy in the Western District of North Carolina, and elsewhere, to receive and possess checks stolen from the United States mail and to sell them.

2. GUMANEH and his coconspirators sold the stolen checks through various means including, but not limited to, sales made over the encrypted cellular telephone application Telegram. During the conspiracy, the face value of the stolen checks possessed by GUMANEH and his coconspirators and posted for sale to third parties on Telegram exceeded $2,230,000. GUMANEH also possessed stolen checks with a face value of over $800,000 at his residence on or about May 29, 2025.

### BACKGROUND

3. GUMANEH is a resident of Charlotte, North Carolina who conspired with others, known and unknown to the United States Attorney, to receive and possess undelivered mail, letters, and other items that had been stolen from the United States mail. GUMANEH and his coconspirators knew these items had been stolen from the United States mail. Many of these pieces of mail contained checks, which GUMANEH and his coconspirators extracted.

4. Telegram is an encrypted, cloud-based messaging and voice over internet protocol service that can be used over different computer operating systems. Telegram allows users to communicate through "channels," which can be joined by other users, as well as through direct user-to-user private messaging. Telegram allows users to create private groups of up to 200,000 members and to create public channels to broadcast to unlimited audiences.

5. Between May 2023 and May 2025, GUMANEH was the administrator of at least two channels on Telegram: "Glass Castle Grubs" and "Glass Castle Grubs 2.0."

6. GUMANEH and his coconspirators used these two Telegram channels to post checks they knew had been stolen from the United States mail as "for sale." They negotiated the

sales of stolen checks with purchasers over Telegram and other electronic communications platforms.

7. Between May 2023 and May 2025, the total face value of checks stolen from the United States mail that GUMANEH and his coconspirators posted as "for sale" on their Telegram channels exceeded $2,230,000.

8. As part of the conspiracy, GUMANEH and his co-conspirators generally operated as follows:

   a. GUMANEH would receive and unlawfully possess undelivered mail that he knew had been stolen from the Unites States mail and he would remove checks from that stolen mail.

   b. GUMANEH would post the stolen checks for sale to third parties on Telegram. The checks were posted for sale on channels for which GUMANEH was an administrator.

   c. GUMANEH would also sell stolen checks directly to third parties.

   d. GUMANEH and his coconspirators would send and receive text messages, Telegram messages, and messages over other cellular telephone applications concerning the sales of stolen checks.

   e. GUMANEH and his coconspirators would direct check purchasers on where and how to make payments to purchase the stolen checks. GUMANEH and his coconspirators would retain many of these payments.

   f. After receiving payment for stolen checks, GUMANEH and his coconspirators would provide the purchasers with access to the checks by sending the purchasers either electronic copies and/or physical copies of the stolen checks.

## COUNT ONE
(Conspiracy to Commit Offense Against United States – 18 U.S.C. § 371)

9. The United States Attorney realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 8 of the Bill of Information, and further alleges that:

10. From in or about May 2023 through May 2025, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant,

**KALILU GUMANEH,**

and others known and unknown to the United States Attorney, did knowingly and intentionally combine, conspire, confederate and agree to commit offenses against the United States, including theft of mail matter in violation of Title 18, United States Code, Section 1708.

## NOTICE OF FORFEITURE

Notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

   a. All property which constitutes or is derived from proceeds of Count One set forth in this Bill of Information;

   b. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant's to the extent of the value of the property described in (a).

The following property is subject to forfeiture on one or more of the grounds set forth above: approximately $42,197 in United States Currency seized during the execution of a search warrant on or about May 29, 2025.


RUSS FERGUSON
UNITED STATES ATTORNEY

*/s/ Sara Kinlaw*
SARA KINLAW
ASSISTANT UNITED STATES ATTORNEY